May it please the Court, my name is Ken Bemis. I practice law in Phoenix, Arizona. My clients are David and Roberta Romero, who are the appellants. The appellee is Western Security Bank. I'd like to try and reserve two minutes of my time for rebuttal. This is a copyright case, but it is primarily concerned with whether a person can have fair access to the courts, in particular a pro se litigant. Well, the problem is they didn't respond to the motion to dismiss. Correct. I understand the motion to dismiss. It was a motion to dismiss for failure to properly serve the summons and complaint on the defendant bank or whatever it was. Yeah, which was about March 21st of 2002 or whatever. I said I understand the practice in the district court. They don't you're not you don't when you file a motion, you don't set a hearing date. Rather, the court sets a hearing date if the court wants to hear argument. Correct. So I'm not sure what your question is. Well, the problem here, it all stems from their failure to oppose the motion. Yeah, that that is the problem. My review of the case law. So here's what concerns me, and maybe it's not a real serious concern. I don't know. The motion's fine. I mean, if you look at the motion to dismiss, it's not supported by a declaration from the person who allegedly received the document stating that that person, in fact, did not receive the complaint. I believe that the problem was just a motion saying, you know, this document arrived at the office and that was it. Correct. Okay. So the Romero's then arranged for the for the process server to file an affidavit of service. And it's not clear to me, but apparently they think that that's sufficient. I don't think it's that they didn't arrange to have the process server file an affidavit of service. I don't think the affidavit of service or the return of service got into the court file until the day after they filed a motion to dismiss. Well, in any event, the district court took no action on the on the motion for, I don't know, about six months. And the case then gets assigned to a new district court judge. Right. It was assigned to Judge Rosalyn Silver. And then it was assigned to a new judge, Judge Campbell. Now, the new judge then sends out, I guess, being trying to be somewhat on top of his new case. It sends out a notice saying you got to file a status report, which they did because we're going to we're going to schedule a status conference, which the court did. But before the status conference, the judge grants the motion. Is that right? Right. It kind of caught. You had been contacted along the way, correct? Correct. So why didn't you just oppose them? Why didn't you just file something on their behalf? What was the problem? We were still finalizing our free agreement, to be frank. Well, you knew that the motion was pending. We knew that the motion was pending. Yes. But it was I think the motion was moved because the service had been filed. In part, Your Honor, Judge Rosalyn Silver didn't do anything. As Judge Justice Pius said, nobody done anything for approximately six months. And the clients knew that the party was served and they knew that these pro se litigants knew that that the return of service was in the court file. I think in a in a sense of like a summary judgment, which there are facts out there that are being alleged, even though this is a motion to dismiss. But but I think that in the context of a summary judgment, a district court judge cannot grant a summary judgment if there's no basis for it. Well, but you have to tell the judge that you can't just sit and wait. Otherwise, the shoe drops on you and then you end up in the court of appeals saying the shoe shouldn't have dropped on me. Well, I. Yes, I am here. And but the other thing is, is that in the context of these pro se litigant cases is every other case that they talk about, the person had received some sort of warning. Not a pro se litigant case after you got into the case. Right. And I got into the case in December after the case was dismissed. After the case was dismissed. You knew that you knew the motion was pending ahead of time. I knew the motion was pending. I didn't. I missed before you began representing him. Or entered a formal notice of appearance, it was dismissed before I entered a formal notice of appearance, so they consulted you in September. But because of the financial arrangements, you didn't enter a notice of appearance until sometime in December. Yes. And it didn't seem like it seemed like if there were still issues regarding the motion to dismiss, there was going to be a pretrial conference in the middle of December. So when you got the notice, the pretrial conference, that there was really going to be a pretrial conference. I sure did. I mean, like I said, the other case cases, they say this is your fifth and final chance to get this right. But in this case, was there any notice sent about. I used to have to judge the new judge came. Did he send anything other than the notice about the pretrial conference? Was there any warning of a notice? Absolutely not. In honor. He just scheduled a rule 16 conference. That's correct. He scheduled a rule 16 conference, wanting to get the case up to speed. If the case was going to have a pretrial rule 16 conference in mid-December. It's my understanding that we could clear up whether or not there was an affidavit of service that this case is not getting heard on the merits. Well, I mean, you keep saying that, but I'm bothered by the fact that there's a motion filed and you're confident that you can defeat it because you know that the affidavit of service has been filed. But don't you have an obligation under the local rules of the District of Arizona to respond to the motion and at least say that so that the district court is aware that you've got a defense to the motion to dismiss? I have to say, I'm surprised that essentially what you're telling us is, well, I just thought we'd wait till we all went to court for the pretrial conference and then we'd clear this matter up. But it seems to me that if that's the legal advice that you gave your clients, you did so at your peril that the district court might rule on the motion. I could have done better, and that's why I'm here. But the Ghazali case says you can review the record independently, and this is a meritless motion. And that's what I'm getting at as far as there was no basis for the motion to dismiss. What do we do with the language of the rule, which is very common in my experience, that says that when a party files a motion, if there's no response to it, the district court may conclude from the failure to respond that the party either acquiesces in the entry of the relief requested or has no opposition. Well, what we're doing here, Your Honor, is you're saying that my client has to be bound by the rules and the rule of law. But what about the trial court who has to be bound by the rule of law, as stated in the Ghazali case, that you have to weigh the factors and there was no weighing of the factors at all? And besides that, my opposition was given a certain amount of time to respond to a motion for reconsideration, and they filed an untimely response. So the only people that seem to be obligated to follow the rules is my client and myself. And then when you look at the case law, most of the cases are prisoners' cases or whatever, which the district courts, I think, are a little bit tired of hearing so many of those. But my client's made one screw up. Well, I hope you don't apply different rules just because they're tired of hearing them. I mean, the rules should be a rule of law, not whether a judge is tired of hearing cases. I wish that we I wish that we had more aspirations to the rule of law. I don't want to be too political, but Bush v. Gore comes to mind about the lack of the rule of law. I mean, it's just like my time is running out. That was the Supreme Court's decision. And Bush v. Gore. Any comments you want to make about quail hunting? Unfortunately, we'll give you another minute for rebuttal. Thank you, Your Honor. We'll give you a chance to talk about Bush versus Gore first. Good morning, Your Honors. My name is Paul Friedman. May it please the Court, I represent Western Security Bank. This is a case where the plaintiffs had counsel at one point in time, didn't have counsel at one point in time, retained Mr. Bemis at one point in time, and through it all, never filed the response to the motion to dismiss in a timely manner. I think the Court can see that opportunity was given to the pro se plaintiffs themselves by a letter March 18th of 2003, asking them for proof of service. They never responded to it. The motion to dismiss was filed March 20th of 2003. But there wasn't. They ultimately filed a proof of service. There was, Your Honor. And your motion was, you know, would have gotten past first base if a judge had really looked at it. It wasn't supported by an affidavit. That's correct, Your Honor. There was no merit to it. The record is what the record is. Right. Now, so the district court, but in the meantime, the district court didn't take this for whatever reason. Maybe Judge Silver was just busy with other matters and didn't pay much attention to this case. But for six months, it basically sat on her docket with nothing happening. That's correct, Your Honor. Absolutely nothing. That's correct, Your Honor. It gets assigned to a new district court judge. And what does a new district court judge do? And at that point, the plaintiffs are not represented by counsel. There's no formal appearance in the record. That's correct, Your Honor. Okay. It gets assigned to a new judge. And what does the new judge do? He's, you know, as I know what district court judges do in this circumstance, they send out a notice. We're going to have a stat. We want to know what the status of this case is. As he said, this case has been pending around here for about ten months and nothing has happened on it. So tell me what's happened on it. And he says we're going to schedule a status conference. That's correct. And then what does he do? He doesn't tell them. If you don't respond to the motion, I'm going to dismiss it. I'm going to grant the motion under the local rule. I'm going to treat your nonresponse as a concession, and I'm going to grant the motion. Your Honor, the judge. What he does is he says I'm going to schedule a status conference. So get this case moving. And before they can show up at the status conference, he dismisses it. That's not exactly correct, Your Honor. First of all, the judge doesn't. Where am I wrong on the dates? Well, I can tell you that it doesn't just happen that a status conference doesn't appear. There are status conference reports that are submitted to the court in the interim. And that's where, again, the defendant, Western Security Bank, sends to the plaintiffs and says you need to fill in your portion of the status report. The plaintiffs, even though they have talked to Mr. Bemis as of September 25th, they don't respond to Western Security Bank. And Western Security Bank is forced to file a unilateral status report. He sends out, though, what I'm talking about is this notice on the 20th or the 18th of September. That's correct, Your Honor. He says the court notes that this case has been blah, blah, blah, blah. Let's see. Once the status report has been received, a Rule 16 conference will be scheduled. That's correct, Your Honor. I'm not disputing that. What I'm telling you is that. What is a pro se supposed to think about that? Well, the pro se received Western Security Bank's status report with their portions inserted into it, which indicates that there is still a pending motion to dismiss. Right. The plaintiffs acknowledge in their unilateral status report filed the day after Mr. Bemis is handed a copy of the motion to dismiss, their acknowledgment that they understand that a motion to dismiss is pending. Right. They still don't act on it. But were they ever told, though, that if you don't file a response, your motion is going to be dismissed? The court's going to. The court's not going to just grant the motion. The court's going to dismiss the case under Rule 48. There is no indication that the court ever informed the plaintiffs of that, nor is there an indication the court has mandated to inform the plaintiffs of that. What do we do with the Mr. Bemis argues that the court basically did not apply the five Henderson factors? There's no showing in the record that he did so in issuing his dismissal. Mr. Bemis is coming before this Court telling you that there is an abuse of discretion by the trial court. There is no record of an abuse of discretion by the trial court. But I guess my question is how can we make that determination in the absence of any affirmative indication in the record that the district court actually weighed the Henderson factor? I can affirm to you that it is the plaintiff's position, and they have the burden of proof of showing an abuse of discretion in this case. The court in its order did indicate that the plaintiff's pro se had seven months to file a motion to dismiss, a response to the motion to dismiss, had consulted with Mr. Bemis as of September 25th, and he had an additional 60 days to file a response to the motion to dismiss and failed to do so. I think that satisfies weighing the five factors. Yes, Your Honor. Okay. Well, at least now we know then what we look to to see whether he weighed the five factors. I have no other comments unless you have questions for me. Thank you. Thank you, Your Honors. I just would like to bring a few things to your attention here. Opposing counsel admits that there were no weighing of what you call the Henderson factors. But now in oral argument, he takes another position. I also would like to the Court to note that he doesn't state where in the record the trial court weighed the Henderson factors. I thought the best he could do was to point us to the language of the court's dismissal order and ask us to infer from the recitation of the facts that are listed in there that that's, in fact, what the court was doing. That's what I understood his argument to be. Well, that's a heck of an inference. I think that's the best he's got is what he's telling us. Okay. All right. Okay. You got anything else that we should look at? So then if you go back to his record, he admits that there's no weighing. Excuse me. I didn't hear you. I just wondered if there was anything else that we should look at in evaluating the Henderson factor weighing. I'm spacing that out, but I think it's addressed in my brief. And a person should have their day in court and a ruling on the merits, especially if there isn't even any validity to the other side's motions. My main thing here, as far as a pro se litigant, my clients are high school educated Hispanics, and we're trying to do this, this case. I got in over their head. There should be a little bit of latitude when it transitions from from a pro se litigant to to an attorney. There are natural things that have to take place here. And in all of the other cases from the Ninth Circuit regarding not following the local rules, but just their decision on the fact that the person had had received warnings that they don't learn. One either learn about the law or follow the court's orders that their case is subject to dismissal. But in this case, we have the most drastic remedy imposed upon my clients. And there was no other remedy that was discussed. My client could have been sanctioned as far as a fine. If you think it was my fault, we could have been sanctioned. We could have done something else. But in this instance, there was nothing. It looks like it's just like, oh, I see. I have an opportunity to clear my docket, even though the pro se litigants had filed a pretrial statement. And they said that that was out there. And I don't think it's too unreasonable for them to think that this matter would get straightened out, especially when Judge Silver did nothing on the case for five months. I think we've been over this. Mr. Bemis, I think we have your position clearly in mind. And thank you. Thank you. It was a pleasure being in your court, Your Honor. Good to have you. Thank you. Thank you both, counsel. If you want to submit a supplemental brief on Bush v. Gore. We'll take it.
judges: Reinhardt, Paez, Tallman